**MEI JUAN XUE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–2435–ag.**

United States Court of Appeals, Second Circuit.

June 27, 2006.

Yuming Wang, Wynnewood, Pennsylvania, for Petitioner.

Randy G. Massey, Acting United States Attorney, Southern District of Illinois, Robert L. Garrison, Assistant United States Attorney, Fairview Heights, Illinois, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Mei Juan Xue (A95–918–616) petitions for review of an order of the BIA affirming Immigration Judge ("IJ") Sandy K. Hom's decision ordering Xue's removal to the People's Republic of China and de- nying her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, and treats them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ found that the events Xue described did not establish past persecution or a well founded fear of persecution, and in the alternative that Xue's testimony was not credible. Because we find that the latter holding was supported by substantial record evidence, we do not reach the validity of the former holding.

The IJ cited two inconsistencies between Xue's application and her testimony: (1) whereas her application stated that nineteen Chinese officials came to arrest her pregnant sister-in-law, she testified that there were "over 10," A–52; and (2) whereas her application seemed to imply that she objected to the imminent forced abortion of her sister-in-law based on her own Catholic views, she testified that she herself has no religion, A–54, and simply argued with the officials because her sister-in-law is Catholic. The IJ also found Xue's demeanor "halting, generalized and repetitive to her written statement, thereby giving the court the distinct impression that the respondent was testifying from rote memorization rather than from life experience." Finally, the IJ found that, on

cross examination, Xue's "testimony and voice lacked conviction."

Standing alone, the "inconsistencies" cited would not support affirmance. In particular, nothing in Xue's application affirmatively states that she is Catholic or that she argued with the officials based on her own, as opposed to her sister-in-law's, religious convictions. The difference in Xue's account-exactly nineteen officials versus "over ten"—is perhaps more substantial, although technically not a necessary inconsistency. However, in addition to noting these issues, the IJ set forth her first-hand observations about Xue's demeanor, to which we accord particular deference, *see Diallo v. Gonzales*, 445 F.3d 624, 628 (2d Cir.2006), and explained why Xue's demeanor undercut her testimony. Moreover, in considering the above issues while assessing Xue's presentation "in its totality," the IJ no doubt considered the fact that Xue's testimony was the sole basis of her application.

Finally, Xue failed to challenge the IJ's denial of CAT relief in her brief to the BIA or to this Court. We therefore lack jurisdiction to consider this claim, which is both unexhausted and waived. *See* 8 U.S.C. § 1252(d); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, Xue's petition for review and pending motion for a stay are DENIED.